United States District Court
District of Massachusetts

|   |   |   |
|---|---|---|
| Andre Wood | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 25-10023-NMG |
| Cognex Corporation et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff, Andre Wood ("plaintiff" or "Wood"), filed this action in state court based upon allegations of employment discrimination. Defendant, Cognex Corp. ("Cognex"), subsequently removed the case to this Court and plaintiff filed an amended complaint that added defendant, BlackTree Technical Group, Inc. ("BlackTree"). Now pending before the Court is the motion of plaintiff to remand to state court. For the reasons that follow, his motion will be denied.

**I. Background**

Defendant BlackTree is a staffing and recruitment firm located in Woburn, Massachusetts, which places employees in companies that specialize in software and similar technological fields. Defendant Cognex, a mechanical device manufacturer headquartered in Natick, Massachusetts, is one such company.

- 1 -

In October, 2021, BlackTree hired plaintiff as an independent contractor to work at Cognex's headquarters as an engineering technician. Six months later, plaintiff experienced a purported "flare-up" of an unidentified "health condition" and notified "his employer" that he needed a temporary medical leave.[1] Approximately one week later, his work assignment at Cognex was terminated. Plaintiff also alleges that he endured "racially motivated abuse" while at Cognex when another employee "display[ed] . . . a noose" to him and dared him to "report the incident."

In October, 2024, Wood filed suit against Cognex in the Massachusetts Superior Court and Cognex removed the case to this Court on federal questions grounds. Now plaintiff moves to remand, asserting that this Court lacks subject matter jurisdiction because his complaint alleges no federal causes of action.

Plaintiff subsequently filed an amended complaint that, in addition to state-law claims under the Paid Family Medical Leave Act ("PFMLA"), M.G.L. c. §175M, and M.G.L. c. §151B, alleges that Cognex violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., and that BlackTree violated the Americans with Disabilities Act ("ADA"), 42 U.S.C.

---

[1] Plaintiff's complaint frequently refers to "his employer" without specifying whether he intends to refer to Cognex, BlackTree or both.

§12101. In his amended complaint, plaintiff further submits that this Court "has . . . jurisdiction over this action" following removal by Cognex.

Because plaintiff initially moved to remand but has since filed an amended complaint that realleges federal causes of action and concedes that this Court has "jurisdiction over this action," it is doubtful whether plaintiff intends to pursue his motion to remand. As Cognex correctly suggests, other circuits have concluded that motions to remand are waived when, as here, a plaintiff subsequently amends his complaint to include federal causes of action. See, e.g., Kidd v. Sw. Airlines, Co., 891 F. 2d 540, 547 (5th Cir. 1990). Out of an abundance caution because of plaintiff's pro se status, the Court presumes plaintiff's intention to proceed with his motion to remand. Accord Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) ("[P]leadings are to be liberally construed[] in favor of [a] pro se party.").

## II. Legal Standard

When an action is removed to federal court, a plaintiff is entitled to have the case remanded to state court if either 1) the method of removal under 28 U.S.C. §1441 was improper or

2) the district court lacks original jurisdiction. Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 316 (D. Mass. 2013).[2]

The original jurisdiction of this Court extends to, among other things, cases in which the plaintiff's claims arise under federal law. 28 U.S.C. §1331; Gunn v. Minton, 568 U.S. 251, 257 (2013). If a complaint includes claims that arise under both federal law and state law, the Court may exercise supplemental jurisdiction over the state law claims as well, so long as the state and federal claims all derive from the same common "nucleus of operative fact." 28 U.S.C. §1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

When assessing the nucleus of operative facts, the Court must exercise its discretion to determine whether "the facts and witnesses between the two sets of claims are essentially different" or are otherwise not temporally related. Serrano-Moran v. Grau-Gaztambide, 195 F.3d 68, 70 (1st Cir. 1999). If the Court finds a common nucleus is present, it may nevertheless decline to exercise jurisdiction over state law claims if, among other reasons, those claims "substantially predominate" over the federal claims, whether in terms of the issues raised or the remedy sought. 28 U.S.C. §1367(c)(2); Allstate Interiors &

---

[2] Plaintiff does not suggest that the method of removal was improper here.

Exteriors, Inc. v. Stonestreet Const., LLC, 730 F.3d 67, 73 (1st Cir. 2013) (citing Gibbs, 383 U.S. at 762).

### III. Analysis

Plaintiff first suggests that there is no federal question raised in his amended complaint and, therefore, the Court lacks original jurisdiction. The allegations in his amended complaint, however, render that argument unavailing. Plaintiff's first amended complaint, just as his original complaint, asserts causes of action that arise under federal law, namely a claim against BlackTree under the ADA, 42 U.S.C. §12101, and a claim against Cognex under Title VII, 42 U.S.C. §2000e et seq. In light of those federal claims, jurisdiction in this Court is proper. Cf. Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 25 (2025) (requiring remand if a plaintiff amends his complaint by removing all federal claims).

Plaintiff further responds that his state-law claims, for violations of the PFMLA, M.G.L. c. §175M, and for racially motivated abuse under M.G.L. c. §151B, do not arise from the same common nucleus of operative facts, and substantially predominate over, his federal law claims. The facts allegedly giving rise to those state-law claims are, however, nearly identical to those underlying his federal claims. Plaintiff's causes of action under the PFMLA and ADA concern allegations that plaintiff was wrongly terminated following his request for

medical leave. His claims under Title VII and §151B, in turn, derive from his allegation that a Cognex employee displayed a noose. The facts underlying each of plaintiff's allegations, moreover, all purportedly occurred during his brief work assignment at Cognex and his requests for damages, in the form of back pay and monetary damages, are included in all of his claims.

Based upon the substantial similarities between the facts underlying plaintiff's claims and his request for relief, there will be significant overlap in the witnesses and evidence necessary to prove his state and federal claims. Jurisdiction over those claims is therefore proper and his state-law claims do not predominate. See Allstate Interiors & Exteriors, Inc., 730 F.3d at 73; cf. Serrano-Moran, 195 F.3d at 70 (upholding a decision to remand where state and federal claims involved different witnesses and evidence and occurred at different times). Accordingly, plaintiff's motion to remand will be denied. See Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1176 (1st Cir. 1995) (affirming exercise of jurisdiction over federal Title VII claim and state employment law claims).

## ORDER

For the foregoing reasons, the motion to remand of plaintiff, Andre Wood (Docket No. 10) is **DENIED**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated: May 21, 2025