United States District Court
District of Massachusetts

| | |
|---|---|
| Andre Wood, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 25-10023-NMG |
| Cognex Corp. et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiff, Andre Wood ("plaintiff" or "Wood"), filed this action against defendants Cognex Corporation ("Cognex") and Blacktree Technical Group, Inc. ("Blacktree" or "defendant"), alleging statutory violations stemming from his employment at Blacktree. Only defendant Blacktree has moved to dismiss. For the reasons that follow, that motion will be allowed, in part, and denied, in part.

I.  **Background and Facts**

Defendant Blacktree is a staffing and recruitment firm headquartered in Woburn, Massachusetts, which places employees at companies that specialize in software and similar technological fields. Cognex, a mechanical device manufacturer headquartered in Natick, Massachusetts, is a customer of Blacktree.

-1-

In October, 2021, Blacktree hired plaintiff as an independent contractor to work as an engineering technician at Cognex headquarters. Plaintiff alleges that he endured "racially motivated abuse" while at Cognex when another employee "display[ed] . . . a noose" as part of a Halloween display in October, 2021, and dared him to "report the incident."

In February, 2022, plaintiff experienced a purported flare-up of a then-unidentified health condition and notified "his employer" that he needed a temporary medical leave.[1] Approximately one week later, his work assignment at Cognex was terminated.

Soon thereafter Wood asked Blacktree to assign him to a new contract and claimed that he had not been given the chance to finalize his request for medical leave before the termination of the Cognex assignment. Chris Igoe, a management-level employee at Blacktree, responded that Wood would be reassigned if he were healthy and able to work 40 hours a week, to which plaintiff replied that he had a disability which entitled him to intermittent medical leave. Igoe told Wood that he would inform him of any job opportunities. To date, Blacktree has not assigned Wood to another contract.

---

[1] Plaintiff's complaint frequently refers to "his employer" without specifying whether he refers to Cognex, Blacktree or both.

In March, 2022, plaintiff filed a charge of discrimination against Cognex and Blacktree with the Massachusetts Commission Against Discrimination ("MCAD") and cross-filed his charges with the Equal Employment Opportunity Commission ("EEOC"). Thereafter the MCAD purportedly provided plaintiff a right-to-sue letter with respect to the charges brought.

Proceeding pro se, plaintiff filed a complaint against Blacktree and Cognex. Against Blacktree, plaintiff asserts claims of: 1) hostile work environment under M.G.L. c. 151B based on the noose incident, 2) violation of the Massachusetts Paid Family and Medical Leave Act ("PFLM") and 3) violation of the Americans with Disabilities Act ("ADA"), alleging that he suffers from Cyclical Vomiting Syndrome. Blacktree has moved to dismiss the complaint against it in its entirety.

## II. Legal Standard

To survive a motion to dismiss, a plaintiff's complaint must contain factual matter sufficient to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if, after accepting as true all non-conclusory factual allegations, the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In

considering the merits of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).

When a complaint is filed pro se, the Court will construe it more liberally. Facey v. Dickhaut, 892 F. Supp. 2d 347, 351 (D. Mass. 2012). The Court can also consider the factual allegations in a pro se plaintiff's opposition to a motion to dismiss. See Stevenson v. Amazon.com, Inc., 15-cv-13505, 2016 WL 2851316, at *1 (D. Mass. May 13, 2016). Pro se status does not, however, relieve a party from complying with procedural rules or from presenting sufficient facts to state a viable claim. Brown v. Dep't of Veteran Affs., 451 F. Supp. 2d 273, 277 (D. Mass. 2006).

### III. Analysis

#### A. Hostile Work Environment Claim

Plaintiff alleges that a noose was displayed in the workplace, creating a hostile work environment prohibited by M.G.L. c. 151B. Defendant responds that such a claim is time-barred because the statute of limitations under M.G.L. c. 151B is three years and the sole incident underlying plaintiff's claim occurred in October, 2021, more than three years before the complaint was filed. Plaintiff does not contest that the

claim is time-barred. The Court will therefore dismiss that claim.

### B. ADA

Wood next alleges that Blacktree violated the ADA by terminating his contract with Cognex and not reassigning him after learning that he suffered from a disability that periodically caused him to miss work. Defendant Blacktree responds that Wood has failed to exhaust his administrative remedies and that, in any event, he fails to state a claim under the ADA. Because the Court agrees that plaintiff has failed to state such a claim, it declines to address the administrative exhaustion claim.

To state a claim under the ADA, plaintiff must allege that he (1) has a disability within the meaning of the ADA; (2) is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) was subject to an adverse employment action based, in whole or part, on his disability. Ramos-Echevarria v. Pichis, Inc., 659 F.3d 182, 186 (1st Cir. 2011).

The Court finds that Wood has failed to allege that he is qualified to perform the essential functions of the job. His complaint does not

> present any factual allegations regarding the nature of [his] job, his proposed accommodations, or how such accommodations could be feasibly implemented

and therefore does not support a reasonable inference that Wood could perform the fundamental job duties of his assigned position. Lima v. Middlesex Sheriff's Office, 2020 WL 823088, at *7 (D. Mass. Feb. 19, 2020).

Even if Wood had pled that he could perform the essential functions of the job, such a contention would be contradicted by the record before the Court. Regular attendance during a 40-hour work week is an essential function of most jobs. Colon-Fontanez v. Mun. of San Juan, 660 F.3d 17, 33-34 (1st Cir. 2011) (dismissing ADA claim where plaintiff could not demonstrate that she met the essential function of regular attendance). In the exhibits attached to plaintiff's complaint, Igoe indicates that working 40 hours a week is an essential function of any job he could procure for Wood. In that text chain, defendant admits he is unable to work such hours which is further confirmed by his sporadic attendance at his assignment with Cognex.

Further, even if he officially qualified for intermittent leave due to his condition, his requirement to perform the essential functions of the job would still not be excused. Evans v. Coop. Response Ctr., 996 F.3d 539, 546-47 (8th Cir. 2021) ("Intermittent FMLA leave does not excuse an employee from the essential functions of the job, such as the need for regular and reliable attendance.") (internal quotations omitted). Thus, plaintiff has not met his burden of stating a claim under the

ADA and the Court will allow defendant's motion to dismiss the ADA claim.

### C. PFML

To state a claim under the PFML, plaintiff must properly allege that (1) he availed himself of a protected right under the PFML; (2) he suffered an adverse employment action, and (3) there is a causal connection between the employee's protected activity and the adverse employment action. Corbett v. Mananto Enters., LLC., 2024 WL 3843145, at *11 (Mass. Super. June 5, 2024).

Plaintiff contends that Blacktree retaliated against him in failing to reassign him to a new contract after he invoked his purported right to take intermittent medical leave. Blacktree contends that because Igoe told Wood he would apprise him of available work opportunities, there can be no inference that he was subjected to an adverse employment action.

Notwithstanding Igoe's assurance to Wood, the fact remains that Blacktree did not reassign Wood. At the motion to dismiss stage, where all reasonable inferences must be drawn in plaintiff's favor, the Court finds that the failure to reassign Wood gives rise to a plausible inference that Wood was being retaliated against for requesting medical leave from Blacktree. Although there may simply have been no open jobs for someone

-7-

with Wood's qualifications, at this stage, plaintiff is entitled to have the ambiguity resolved in his favor.

### ORDER

For the forgoing reasons, defendant Blacktree's Motion to Dismiss is, with respect to the hostile work environment claim and ADA claim, **ALLOWED**, but, with respect to the PFML claim, **DENIED**.

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 30, 2025